## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JEFFREY A. BUTTERMORE,**
**Claimant Below, Petitioner**

**FILED**

August 26, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 15-0843**  (BOR Appeal No. 2050340)
(Claim No. 2011011495)

**BRAND ENERGY &**
**INFRASTRUCTURE SERVICES,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jeffrey A. Buttermore, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. Brand Energy & Infrastructure Services, by Lucinda Fluharty, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 29, 2015, in which the Board affirmed a March 2, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 29, 2014, grant of a 0% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Buttermore sustained an injury to his right arm on September 25, 2010, when scaffolding fell and struck him. He was treated in the emergency room for an abrasion or friction burn of the right elbow, forearm, and wrist and an open wound of the forearm with tendon involvement. He was treated with stitches and had to wear a splint for a few days. He did not receive any follow-up treatment.

1

On December 19, 2013, Richard Kaplan, M.D., performed an independent medical evaluation of Mr. Buttermore. Dr. Kaplan found he had symmetrically normal range of motion of his wrists and hands. There was no atrophy of the hands noted. Mr. Buttermore had good tenodesis and grip strength bilaterally. He had an enlarged horizontal dorsal scar in his distal right forearm with some increased sensitivity to touch. In Dr. Kaplan's opinion, the only significant finding was the scar. Dr. Kaplan found Mr. Buttermore had reached maximum medical improvement and assessed 0% impairment.

Mr. Buttermore argues that Dr. Kaplan did not perform a thorough examination because he continues to have problems with his right hand. He stated he was told at the emergency room that he has nerve damage and believes he should be allowed to have a second opinion. Mr. Buttermore did not submit any medical evidence in support of his assertions.

In affirming the claims administrator's decision awarding 0% permanent partial disability, the Office of Judges noted that Dr. Kaplan was the only medical evaluator of record. Mr. Buttermore filed no medical evidence to refute Dr. Kaplan's impairment. The Office of Judges stated that evidence of permanent partial disability must be submitted in the form of testimony or reports by a physician. It concluded that Mr. Buttermore's belief that Dr. Kaplan's opinion is incorrect because he believes he has residual problems, functional impairment, and disability is not sufficient evidence.

We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. As noted by the Office of Judges, Dr. Kaplan's is the only medical opinion in the record. Dr. Kaplan opined Mr. Buttermore had reached maximum medical improvement and assessed 0% impairment. That is the sole impairment rating in the record. As such, the 0% impairment rating is the only evidence that can be relied on for an award of permanent partial disability.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: August 26, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

Justice Brent D. Benjamin, Not Participating